UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JACQUELINE FRENCH,

      Plaintiff,

  v.           **DECISION AND ORDER**
                 12-CV–756-A

COUNTY OF ERIE, et al.,

      Defendant.

   This employment-discrimination case is brought by plaintiff Jacqueline French under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* The case was referred to Magistrate Judge Leslie G. Foschio pursuant to 28 U.S.C. § 636(b)(1) for the conduct of pretrial proceedings. Discovery is complete, and Magistrate Judge Foschio has filed a Report and Recommendation (Dkt. No. 27) that recommends that the defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 56 (Dkt. No. 23) be granted as to plaintiff French's discrimination claims, but denied as to claims of retaliation for her complaints of discrimination.

   The defendants filed objections to the Report and Recommendation. Dkt. No. 28. Plaintiff French filed a response to the objections. Dkt. No. 30. The defendants replied. Dkt. No. 32. The Court heard oral argument.

   The Court has carefully reviewed the Report and Recommendation, the parties' submissions on the defendants' specific objections to the recommendations, and the relevant pleadings. The Court assumes the parties' familiarity with the facts and prior proceedings. For the reasons summarized below, upon review of the Report and

Recommendation, and *de novo* review of the defendant's objections pursuant to 28 U.S.C. § 636(b)(1)(B), the Court adopts the recommendations for the reasons stated below.

It is undisputed that the defendants met their burden of production of legitimate, non-retaliatory reasons for plaintiff French's termination under the *McDonnell Douglas* burden-shifting framework. *See Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 130 n.6 (2d Cir. 2012) (citing *Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 53 (2d Cir. 1998). The burden shifted to plaintiff was to raise a genuine issue of material fact as to pretext and a but-for causal connection between her complaints of discrimination and her termination. *See e.g.*, *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 499 (2d Cir. 2009); *see Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. 2015) (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517, 2533 (2013)). As Magistrate Judge Foschio found, there is circumstantial evidence that could support a finding that plaintiff was fired in retaliation for having complained of discrimination. S*ee* Dkt. No. 27, pp. 26-30. And "whether retaliation was a 'but-for' cause, rather than just a motivating factor [for termination], is particularly poorly suited to disposition by summary judgment." *Zann Kwan v. Andalex Group LLC*, 737 F.3d 834, 846 n.5 (2d Cir. 2013). The Court must draw all reasonable inferences in favor of plaintiff, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), and the Court concludes on this record that a reasonable jury could possibly find that retaliation was the but-for cause of plaintiff's termination. The Magistrate Judge's recommendation is therefore correct, and his error in not applying the "but-for" standard of causation is harmless.

## CONCLUSION

For the foregoing reasons, upon *de novo* review pursuant to 28 U.S.C. § 636(b)(1)(B), the Court accepts the recommendations of the Report and Recommendation (Dkt. No. 27).  It is therefore

**ORDERED**, for all the reasons stated above, the motion for summary judgment pursuant to Fed. R. Civ. P. 56 of the defendants (Dkt. No. 23) is granted, in part, but denied as to plaintiff French's retaliation claims, and it is further

**ORDERED** that the parties shall confer about the anticipated length of the trial, and about their respective schedules, before appearing to set a date for trial on February 14, 2018, at 9:00 a.m.

**SO ORDERED**.

*Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:   January 30, 2018